**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| ANDREW MANYEVERE, ANITA MANYEVERE ) <br> SITHEMBILE MANYEVERE, SIMANGALISO ) <br> MANYEVERE, ) <br>         Petitioners, ) <br> v. ) <br> ) <br> NURIA PRENDES, ET AL., ) <br>         Respondents. ) | No. 3:05-CV-1004-N <br> ECF |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this action has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 by aliens who are subject to an administratively final order of removal.

Parties: Petitioners are represented by retained counsel. Respondents are Nuria Prendes, Field Operations Director of Detention and Removal operations for the Dallas Office of the United States Immigration and Customs Enforcement (ICE); Alberto Gonzales, Attorney General of the United States; and Michael Chertoff, Secretary of the Department of Homeland Security. The court issued process in this case.

Statement of Case: Petitioners seek to challenge final orders of removal. Respondents filed a motion to dismiss the petition under the REAL ID Act of 2005. Petitioners argue the petition is not subject to the terms of the REAL ID Act.

<u>Findings and Conclusions:</u>  The Real ID Act of 2005, part of the "Emergency Supplemental Application Act for Defense, The Global War on Terror, and Tsunami Relief, 2005," P.L. 109-13, 2005 HR 1268, 119 Stat. 231, was enacted on May 11, 2005.  Section 106 of the REAL ID Act amends § 242(a) of the Immigration and Nationality Act of 1952 ("INA"), 8 U.S.C. § 1252 (2000), by adding, *inter alia,* the following jurisdictional provision:

> (5) Exclusive Means of Review--Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e). For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms 'judicial review' and 'jurisdiction to review' include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

REAL ID Act § 106(a)(5).

Section 106(b) of the REAL ID Act states:

> The amendments made by subsection (a) shall take effect upon the date of the enactment of this division and shall apply to cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of the enactment of this division.

REAL ID Act § 106(b).

Petitioners filed this petition on May 17, 2005 – after the provisions of the REAL ID Act became effective.  They are challenging the validity of their removal orders.  The provisions of the REAL ID Act, therefore, require this Court to dismiss the petition for lack of jurisdiction.

Petitioners, however, argue that they received ineffective assistance of counsel in their immigration proceedings.  Counsel failed to file a petition for review with the Fifth Circuit Court

of Appeals within thirty days after the final order of removal. 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal."). Petitioners therefore argue that if the District Court dismisses this action, they will be unable to present their claims to the Fifth Circuit by filing a petition for review. Petitioners, however, cite no exception to the jurisdiction stripping provisions of the REAL ID Act. The fact that Petitioners failed to timely file their petition for review in the Fifth Circuit does not restore jurisdiction to the District Court to consider a habeas petition challenging a final order of removal. The petition should therefore be dismissed.

RECOMMENDATION

For the foregoing reasons, the Court recommends that the petition be dismissed for lack of jurisdiction.

Signed this 1st day of February, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150, (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).